Li v. Garland

BIA
Wright, IJ
A205 618 942

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

JI LI,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-4218
NAC

_____

FOR PETITIONER: Thomas V. Massucci, Esq., New York, NY.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; Edward E. Wiggers, Senior Litigation

Counsel; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ji Li, a native and citizen of the People's Republic of China, seeks review of a December 9, 2020 decision of the BIA affirming a June 25, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ji Li,* No. A 205 618 942 (B.I.A. Dec. 9, 2020), *aff'g* No. A 205 618 942 (Immig. Ct. N.Y. City June 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the adverse credibility determination under a substantial evidence standard, *see Hong Fei Gao v. Sessions*, 891 F.3d 67,

76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies of falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Li alleged that he fled China because police detained him for attending underground Christian services in 2008 and 2011 and severely beat him during the second detention. The agency reasonably concluded that his false statement about his 2009 travel outside of China constitutes substantial evidence for the adverse credibility determination. In his application, Li stated that he helped care for his younger brother and worked odd jobs in China after his 2008 arrest and began attending church again in late 2010, and he told the asylum officer that he had not traveled outside China before 2012. When confronted with contrary information that he attempted to reach the United States in 2009, but was denied boarding in Panama and forced to return to Venezuela, Li admitted that he lied. Contrary to his argument that he was not given a chance to explain, this issue was brought to his attention at both the interview and the hearing.

This false statement indicates his willingness to lie and calls into question whether he was in China on the date of the second alleged detention, because he presented no documentary evidence of his return to China after his departure in 2009. The record thus provides sufficient

4

support for the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Li does not challenge the agency's additional findings that his corroborating evidence did not rehabilitate his claim. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
